# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZOLA, INC.<br><br>      Plaintiff,<br><br>  v.<br><br>PREZOLA LTD.<br><br>      Defendant. | Civil Action No. 1:18-cv-10213<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Zola, Inc., by and through its undersigned counsel, brings this action against Prezola Ltd. for copyright infringement and breach of contract claims seeking relief in the form of injunctions, disgorgement of profits, actual damages, attorneys' fees and/or costs, and for a declaration of trademark non-infringement and an order directing the United States Patent and Trademark Office to dismiss a consolidated opposition and cancellation proceeding and grant registration of a pending trademark application. In particular, Zola alleges as follows:

## PARTIES

1. Plaintiff Zola, Inc. ("Zola") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 150 Broadway, 19th Floor, New York, New York 10038.

2. Defendant Prezola Ltd. ("Prezola") is a foreign company, with a registered address of Prezola House, Woodlands Industrial Estate Eden Vale Road, Westbury, Wiltshire, BA13 3QS, United Kingdom.

## JURISDICTION AND VENUE

3.      This is a declaratory action for trademark non-infringement, as well as an action for infringement of federally registered copyrights, for breach of contract under New York state law and for an order directing the United States Patent and Trademark Office to dismiss a consolidated opposition and cancellation proceeding and grant registration of a pending trademark application.

4.      This Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over the claims that relate to trademark non-infringement and rights to registration under 15 U.S.C. § 1119, 15 U.S.C. § 1121, 28 U.S.C. § 1338 and 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over the copyright infringement claims under 28 U.S.C. §§ 1331 and 1338(a).  This Court also has supplemental jurisdiction over all pendent state law claims asserted herein, namely the claim for breach of contract under New York law, pursuant to 28 U.S.C. § 1367(a).  This Court has subject matter jurisdiction to issue an order directing the United States Patent and Trademark Office to dismiss a consolidated opposition and cancellation proceeding and grant registration of a pending trademark application, pursuant to 15 U.S.C. § 1119.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400.

## BACKGROUND

6.      In October of 2013, Zola launched its website at www.zola.com (the "Zola Website").  Since the launch of the Zola Website, Zola has continuously used the mark ZOLA (the "ZOLA Mark") in connection with its online wedding gift registry services and related

goods and services, including but not limited to wedding websites, wedding checklists, wedding guest lists, and wedding planning services.

7. Following its launch, Zola experienced rapid and explosive growth, with hundreds of thousands of couples having registered for accounts on the Zola Website and tens of millions of distinct user sessions to date. Today, Zola is widely recognized as an industry leader in the online wedding registry space. For example, Brides.com listed Zola as its No. 3 overall wedding registry site and InStyle named Zola the "Best Registry Resource." *See* Exhibit A.

8. Zola has spent tens of millions of dollars advertising the ZOLA Mark and Zola business. As a result of Zola's substantial efforts to promote its business and the ZOLA Mark, Zola has acquired extremely valuable goodwill in the ZOLA Mark.

9. Zola owns a federal trademark registration (Reg. No. 4,573,734) for the ZOLA Mark for use in connection with "providing an online gift registry service" in class 35 (the "ZOLA Registration"). The application that became the ZOLA Registration was filed on October 2, 2013 and matured to registration on July 22, 2014. A true and correct copy of the USPTO TESS printout and the certificate of registration for the ZOLA Registration are attached hereto as Exhibit B.

10. Zola also owns a pending federal trademark application (Serial No. 87/307,497) for the ZOLA Mark for use in connection with "software for creating and managing gift registries; software for users to contribute money to fund gifts and travel for others; software for users to contribute money to fund honeymoons for married couples; software for users to give gifts of money to others; software for users to raise funds for any event, goal, and cause" in class 9; "gift registry services; online gift registry services; online retail store services featuring a wide variety of consumer goods of others" in class 35 and "providing an interactive website for users

to contribute money to fund gifts and travel for others; providing an interactive website for users to contribute money to fund honeymoons for married couples; providing an interactive website for users to give gifts of money to others; providing an interactive website that enables users to raise funds online for events, goals, and causes" in class 36 (the "ZOLA Application"). The Zola Application was filed on January 19, 2017. All of the services covered by the ZOLA Application were first used in U.S. commerce at least as early as October 2013. A true and correct copy of the USPTO TESS printout for the ZOLA Application is attached hereto as Exhibit C.

11. According to Prezola's website, www.prezola.com (the "Prezola Website"), Prezola is a "wedding gift list and wedding website provider" based in the United Kingdom that launched in 2011. Prezola bills itself as "The UK's favourite Wedding Gift List & Honeymoon Fund." *See* Exhibit D. As of the date of the filing of this Complaint, the Prezola Website stated that Prezola was unable to deliver products purchased on its site outside of the UK & Channel Islands, Northern & Republic of Ireland, and Mainland Europe without a prior arrangement. *See* Exhibit E.

12. Upon information and belief, shortly after the Zola Website launched in October of 2013, Prezola began copying portions of the Zola Website for use on the Prezola Website. The result is that the Prezola Website has largely been a knockoff of the Zola Website since after the launch of the Zola Website. By way of example, but not limitation, at the time that the Zola Website launched, Prezola used the *Prezola* logo. In 2014, Zola began using the ZOLA logo. Then, in 2017, after Zola had established itself as an industry leader, Prezola adopted the PREZOLA logo, in virtually the identical font and style as the above logo previously used by Zola.

## THE PRESENT DISPUTE

13. The Zola Application was published for opposition on October 10, 2017. On October 30, 2017, Prezola obtained an extension of time to oppose the ZOLA Application. *See* Exhibit F. The order extended Prezola's time to oppose the ZOLA Application until February 7, 2018. *Id.*

14. Notwithstanding Prezola's copying of the Zola Website, on November 21, 2017, Prezola, through its counsel, wrote to Zola, expressing concern that Zola's use of the ZOLA Mark could create confusion with Prezola's PREZOLA mark (the "Prezola Mark"). *See* Exhibit G. Among other demands, Prezola demanded that Zola "[w]ithdraw or abandon all trademark applications and registrations incorporating the term ZOLA" and "[c]ease any and all use of marks incorporating the term ZOLA." *Id.*

15. On November 28, 2017, Zola, through its attorney, responded to Prezola's attorney, setting forth Zola's position that it was not infringing Prezola's alleged rights in the PREZOLA Mark in the United States. *See* Exhibit H.

16. On December 6, 2017, Prezola initiated two separate administrative proceedings before the Trademark and Trial and Appeal Board ("TTAB"), opposing the ZOLA Application and seeking to cancel the ZOLA Registration. *See* Exhibit I. In June of 2018, the two proceedings were consolidated in Proceeding No. 91238235 (the "TTAB Proceeding"). *See* Exhibit J. In its TTAB filings, Prezola claimed that there exists a likelihood of confusion between Prezola's PREZOLA Mark and Zola's ZOLA mark and that Prezola has prior common law rights in the United States. *See* Exhibit I.

17. On January 29, 2018, Prezola filed its first U.S. trademark application (Serial No. 87/774,221) for the mark PREZOLA for use in connection with "Online gift registry services;

online retail store services featuring a wide variety of consumer goods of others" in class 35 and "Providing an interactive website for users to contribute money to fund gifts and travel for others; providing an interactive website for users to give monetary gifts to others; providing an interactive website for users to raise funds for events" in class 36 (the "PREZOLA Application"). Prezola claimed May 26, 2012 as its first use in commerce date. A true and correct copy of the USPTO TESS printout for the PREZOLA Application is attached hereto as Exhibit K.

18. At the time this Complaint is being filed, the TTAB Proceeding is in the early stages of the discovery period.

## DECLARATION OF NON-INFRINGEMENT

19. A reasonable apprehension of litigation is reasonably derived from Prezola's serious allegations, including its demands that Zola immediately cease use of the ZOLA Mark and its filing of the TTAB Proceeding to oppose the ZOLA Application and petition to cancel the ZOLA Registration.

20. Prezola's assertions are wholly without merit, and Zola's actions do not constitute trademark infringement of the PREZOLA Mark.

21. First, Prezola does not have priority over Zola in the United States with respect to the parties' respective marks. Zola's U.S. rights in the ZOLA Mark date at least as far back as the filing date of the ZOLA Registration, *i.e.* October 2, 2013. Upon information and belief, Prezola cannot carry its burden of proving that it used the PREZOLA Mark in United States commerce prior to October 2, 2013 in a manner that would entitle it to claim common law trademark priority. Moreover, Prezola did not file a trademark application in the United States until 2018.

22. Even assuming, *arguendo*, that Prezola does have valid trademark rights in its PREZOLA Mark in the United States that predate Zola's trademark rights in its ZOLA Mark, there is still no likelihood of confusion in violation of 15 U.S.C. § 1141(1). A likelihood of confusion does not exist because, *inter alia*, the ZOLA and PREZOLA marks are distinct in appearance, sound and meaning. Moreover, the PREZOLA mark is not commercially strong in the United States and Zola's selection of the ZOLA Mark was made in good faith. And crucially, according to Prezola's allegations, the parties' marks have co-existed in the wedding registry space for over five years without evidence of actual confusion. This lack of confusion is highlighted by the fact that, despite Zola's enormous success, Prezola did not contact Zola to complain about a likelihood of confusion for approximately four years after the launch of the Zola Website and the filing of Zola's first trademark application for the ZOLA Mark.

23. Notwithstanding the fact that Prezola does not have priority in its PREZOLA Mark vis-à-vis Zola's ZOLA Mark in the United States and that no likelihood of confusion exists between the marks, Prezola demanded in writing that Zola immediately cease and desist from using the ZOLA Mark and initiated the TTAB Proceeding, seeking to cancel the ZOLA Registration and opposing the ZOLA Application. Prezola's actions create an actual case and existing controversy between the parties, as the essential facts establishing the right to declaratory relief have already occurred and Prezola's conduct leading up to the filing of this Complaint has created in Zola a reasonable apprehension of an infringement suit.

24. Zola seeks the Court's assistance in resolving the relative legal rights of the parties as described in this Complaint, so that Zola may continue its business and obtain relief from the uncertainty created by defendant Prezola's unwarranted allegations.

## PREZOLA'S INFRINGEMENT OF ZOLA'S COPYRIGHTED MATERIALS

25. Upon information and belief, Prezola has copied numerous portions of the Zola Website, entitling Zola to, *inter alia*, actual damages and/or profits realized by Prezola.

26. On October 9, 2013, Zola launched the Zola Website, which has continuously presented wedding gift registry and related goods and services in creative and appealing ways to consumers and potential consumers. Among other creative attributes, the Zola Website features the compilation, i.e., selection, coordination, and arrangement of thousands of gifts (chosen from millions of options) in creative categories and subcategories (such as its numerous "Starter Collections" that range from "French Country" to "Scandinavian" and "Bedroom Upgrades for Under $100"). In addition to the compilation authorship throughout the Zola Website, it has at all times included original text and photographs owned by Zola. All copyrightable authorship apparent in the Zola Website as of its launch in October 2013 and its current content as of October 2018 is referred to herein as the "Zola Copyrighted Materials."

27. Zola owns U.S. copyright registrations for the October 9, 2013 and October 10, 2018 versions of the Zola Website. The October 9, 2013 version of the Zola Website was granted copyright registration number VA 2-124-739 with a November 1, 2018 effective date of registration (the "2013 Registration") and the October 10, 2018 version of the Zola Website was granted copyright registration number VA 2-124-740 with an October 21, 2018 effective date of registration (the "2018 Registration") (the 2013 Registration and the 2018 Registration, collectively, the "Zola Copyright Registrations").

28. The deposit materials for the Zola Copyright Registrations depict the Zola Copyrighted Materials that have been infringed by Prezola.

29. The Zola Website includes copyright notices that indicate Zola owns the copyrights in the Zola Copyrighted Materials. *See* Exhibit L.

30. Since shortly after the October 2013 launch of the Zola Website, and subsequent updates to the Zola Website, the Prezola Website has repeatedly displayed unauthorized copies and/or adaptations of Zola's copyright protected authorship featured throughout the Zola Copyrighted Materials, including Zola's selection and arrangement of registry content and services, as well as its groupings of gifts into creative collections (the "Infringing Material").

31. Prezola employees had access to the Zola Website prior to Prezola's copying of the Zola Copyrighted Materials.

32. Upon information and belief, employees of Prezola accessed the Zola Website prior to Prezola's copying of the Zola Copyrighted Materials. By way of example, at least eight "@prezola.com" email accounts have been used to register accounts on the Zola Website. In addition, several other individuals who, upon information and belief, are Prezola employees registered for accounts on the Zola Website using their personal email addresses and the same static IP address that was used in connection with the aforementioned registration of the @prezola.com addresses.

33. Thus, Prezola had access to and actually accessed the Zola Website prior to Prezola's posting of the Infringing Material, which is substantially similar to the Zola Copyrighted Materials.

## PREZOLA'S BREACH OF THE ZOLA TERMS OF USE

34. Upon information and belief, Prezola has breached the terms of use of the Zola Website, entitling Zola to, *inter alia*, compensatory damages.

35. The use and access of the Zola Website is conditioned upon the user's acceptance of the terms of use. The current Zola terms of use and all prior versions of the Zola terms of use (collectively, the "Terms of Use"), read in relevant part, "Your use of the Website is conditioned upon your acceptance of these Terms of Use." A true and correct copy of the Terms of Use in effect on September 19, 2018 is attached hereto as Exhibit M.

36. The Terms of Use provide that "Zola grants to you a limited license to access and make personal use of this Website." *Id*.

37. The Terms of Use provide, "Zola strictly prohibits any use of the Content available through the Website (unless you own or have rights to the content), including but not limited to: (i) any downloading, copying or other use of the Content or the Website for purposes competitive to Zola or for the benefit of another vendor or any third party; (ii) any caching, unauthorized linking to the Website or the framing of any Content available on the Website; (iii) any modification, distribution, transmission, performance, broadcast, publication, uploading, licensing, reverse engineering, transfer or sale of, or the creation of derivative works from, any Content, products or services obtained from the Website that you do not have a right to make available (such as the intellectual property of another party)…." *Id*.

38. The Terms of Use provide, "All Content included on this Website, such as text, graphics, logos, button icons, images, audio clips and software, is the property of Zola or its Content suppliers and protected by U.S. and international copyright laws. The compilation (meaning the collection, arrangement and assembly) of all Content on this Website is the exclusive

property of Zola and protected by U.S. and international copyright laws. All software used on this website is the property of Zola or its software suppliers and protected by U.S. and international copyright laws. The reproduction, modification, distribution, transmission, republication, display or performance, of the Content on this Website is strictly prohibited." *Id*.

39. As described above, employees of Prezola registered for accounts on the Zola Website. When registering for accounts, employees of Prezola were required to accept the Terms of Use then in effect. Thus, upon information and belief, Prezola had actual notice of the Terms of Use. In the alternative, upon information and belief, Prezola had constructive knowledge of the Terms of Use because the pages of the Zola Website generally feature a link to the Terms of Use, and because the Prezola Website utilizes similar links to website terms of use that Prezola claims are binding on visitors to its website. A true and correct copy of Prezola's current Terms & Conditions for Website Use is attached hereto as Exhibit N. The first paragraph of Prezola's terms provides, "By continuing to browse and use this website (Our Site) you are agreeing to comply with and be bound by the following terms and conditions of use, which together with our other policies govern Prezola Limited's relationship with you in relation to Our Site. If you do not agree with these terms you must not use Our Site." *Id*.

40. Upon information and belief, Prezola employees have accessed webpages on the Zola Website. Upon information and belief, Prezola accessed the Zola Website before changing its website.

41. At all times prior to September 20, 2018, the Terms of Use included a provision that "[a]ny legal action or proceeding relating to your access to, or use of, this website or our

Content will be instituted in a state or federal court in New York County, New York, and you hereby agree to submit to the personal jurisdiction of such courts." *Id*.

42. Upon information and belief, prior to September 20, 2018, Prezola has violated the Terms of Use by using and copying content from the Zola Website for the Prezola Website. Specifically, Prezola has violated its agreements to only make personal, non-commercial use of the Zola Website and to not copy or create derivative works from content on the Zola Website.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE PREZOLA MARK

43. Zola realleges and incorporates herein by reference Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. An actual controversy has arisen and currently exists between Zola on the one hand and Prezola on the other hand with regard to their respective rights related to Zola's ZOLA Mark and Prezola's PREZOLA Mark.

45. There is no legal or factual basis for Prezola's claim that Prezola's PREZOLA Mark has priority in the United States vis-à-vis Zola's ZOLA Mark and/or there is no legal or factual basis for Prezola's claim that Zola's ZOLA Mark has caused, or is likely to cause, confusion with Prezola's PREZOLA Mark. Zola's ZOLA Mark does not infringe or violate any rights Prezola may have in the PREZOLA Mark or violate any federal, state or common law, and its use of its ZOLA Mark, either directly or through a licensee, does not constitute unfair competition or violate any federal, state or common law.

46. Zola desires a judicial determination of its rights in the ZOLA Mark, and a judicial declaration that use of its ZOLA Mark does not violate any federal, state or common law right of Prezola, including but not limited to any rights under the Lanham Act, 15 U.S.C. § 1125(a).

47. A judicial declaration is necessary and appropriate at this time under the circumstances and to resolve fully Prezola's allegations regarding Zola's rights to use and register the ZOLA Mark.

## COUNT II
## COPYRIGHT INFRINGEMENT

48. Zola realleges and incorporates herein by reference Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Zola owns the following registered copyrights for the Zola Copyrighted Materials: VA 2-124-739 and VA 2-124-740.

50. The Zola Copyrighted Materials contain content that is copyrightable subject matter under the laws of the United States.

51. Zola's copyright registration, VA 2-124-740, protecting the October 2018 version of the Zola Website, is entitled to a presumption of validity under 17 U.S.C. § 410(c).

52. Prezola had access to each of the Zola Copyrighted Materials.

53. Notwithstanding Zola's ownership of the copyright in the Zola Copyrighted Materials, Prezola copied and created derivative works based upon the Zola Copyrighted Materials and displayed and distributed copies of the Infringing Material through the Prezola Website without Zola's consent.

54. The Infringing Material is substantially similar to the Zola Copyrighted Materials.

55. By copying and creating derivative works based upon the Zola Copyrighted Materials and displaying and distributing the Infringing Material through the Prezola Website, Prezola has infringed Zola's copyright in the Zola Copyrighted Materials. Specifically, Prezola has violated the exclusive right of Zola to reproduce, distribute, display, and make derivative

works of its copyrighted works under 17 U.S.C. § 106. The infringement of each of Zola's copyrighted works constitutes a separate act of copyright infringement.

56. Prezola's copyright infringement has been knowing, willful and/or intentional.

57. Prezola's copyright infringement has caused and will continue to cause monetary damage to Zola and Zola is entitled to and seeks, *inter alia*, actual damages and/or profits realized by Prezola.

58. Prezola's copyright infringement has caused and will continue to cause irreparable harm to Zola for which there is no adequate remedy at law. Zola is entitled to, and seeks, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

## COUNT III
## BREACH OF CONTRACT

59. Zola realleges and incorporates herein by reference Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Use of the Zola Website and access to and use of content on it is governed by and subject to the Terms of Use.

61. At all relevant times, the webpages on the Zola Website generally provided a link titled "Terms of Use" to the terms of use that govern the use of the site.

62. Upon information and belief, Prezola was on notice and/or had actual knowledge of the Terms of Use and affirmatively accepted the Terms of Use by their continuous and regular use of the Zola Website, which conspicuously presents the Terms of Use link.

63. Despite its knowledge of the Terms of Use and its prohibitions, in violation of said agreement, Prezola willfully, repeatedly, and systematically used the Zola Website and the content therein for commercial purposes.

64. Zola has performed all conditions and promises required of it in accordance with the Terms of Use.

65. Prezola's conduct has damaged Zola, and caused and continues to cause irreparable and incalculable harm and injury to Zola.

66. Zola is entitled to compensatory damages, injunctive relief and/or other equitable relief to remedy Prezola's willful, repeated, and systematic violation of Zola's Terms of Use.

## COUNT IV
## DISMISSAL OF TTAB PROCEEDING AND GRANT OF REGISTRATION FOR ZOLA APPLICATION

67. Zola realleges and incorporates herein by reference Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Prezola opposed the ZOLA Application and petitioned to cancel the ZOLA Registration. Those two separate proceedings were consolidated in the TTAB Proceeding.

69. Zola seeks an order from this Court, pursuant to 15 U.S.C. § 1119, that the United States Patent and Trademark Office dismiss the TTAB Proceeding on the grounds that (a) Prezola does not have priority in its PREZOLA Mark in the United States vis-à-vis the ZOLA Mark and/or (b) Zola's ZOLA Mark has not caused, nor is it likely to cause, confusion with Prezola's PREZOLA Mark.

70. Zola seeks an order from this Court, pursuant to 15 U.S.C. § 1119, that the United States Patent and Trademark Office allow the ZOLA Application to proceed to registration on the grounds that (a) the Zola Application was published for opposition; (b) Prezola is the only entity that opposed the Zola Application during the opposition period; and (c) Prezola does not have priority in the PREZOLA Mark in the United States vis-à-vis the ZOLA Mark and/or

Zola's ZOLA Mark has not caused, nor is it likely to cause, confusion with Prezola's PREZOLA Mark.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1) Declaratory judgment establishing that use of the ZOLA Mark by Zola or its licensees does not infringe upon Prezola's PREZOLA Mark or any other PREZOLA designation to which Prezola may claim rights.

2) That the Court issue an Order directing the United States Patent and Trademark Office to dismiss the TTAB Proceeding brought by Prezola and allow the ZOLA Application to proceed to registration.

3) That Prezola and its officers, agents, servants, employees and attorneys, and all those in active concert with it or in participation with them, be preliminarily and permanently enjoined from all further unauthorized reproduction of the Zola Copyrighted Materials and any other copyrighted material owned by Zola, preparation of derivative works based upon any such materials, and distribution or display of such material by any means or method.

4) That Prezola be required to deliver for impounding during the pendency of this action, and for destruction, all copies, reproductions, or derivative works of offending works produced by Prezola based on the Zola Copyrighted Materials, all advertising and other promotional material for Prezola's products and services based on the Zola Copyrighted Materials or infringing copies of them, and all artwork and other promotional materials in Prezola's possession or custody or under its control relating to the copying or reproduction in whole or in part of the Zola Copyrighted Materials.

5) That Prezola be required to delete permanently from Prezola's computers and information technology systems all electronic copies of the offending works.

6) That Prezola be required to delete permanently, from any website that it owns or controls, all copies or reproductions of the offending works.

7) That Prezola be directed to file with the Court and serve upon Zola, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which Prezola has complied with the provisions set forth in Paragraphs 4-6 of this Prayer for Relief.

8) That Zola be awarded its actual damages and any profits earned by Prezola from the use of the Infringing Materials or derivative works based on Zola's Copyrighted Materials.

9) That the Court declare that Prezola's copyright infringement was willful.

10) That Zola be awarded compensatory damages to remedy Prezola's breach of the Terms of Use.

11) That Zola be awarded pre-judgment interest on all damages awarded by the Court.

12) That Zola be entitled to recover their reasonable attorneys' fees and costs of suit.

13) That Zola be awarded any and all such other and further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Zola hereby makes demand for a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: November 2, 2018          By: /s/ J. Kevin Fee
                                 J. Kevin Fee
                                 Anita B. Polott (*pro hac vice* motion forthcoming)
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 1111 Pennsylvania Avenue, NW
                                 Washington, DC 20004
                                 Phone: 202-373-6026
                                 Facsimile: 202-739-3001
                                 kevin.fee@morganlewis.com
                                 anita.polott@morganlewis.com

                                 Peter G. Byrne (*pro hac vice* motion forthcoming)
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 One Market Street, Spear Street Tower
                                 San Francisco, CA 94104
                                 Phone: 415-442-1000
                                 Facsimile: 415-442-1001
                                 peter.byrne@morganlewis.com

                                 *Counsel for Zola, Inc.*